UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KENNETH BLUFORD, on his own behalf )
and on behalf of all those )
similarly situated, )
                                         )    2:06-cv-0523-GEB-(PAN)JFM
                 Plaintiff, )
                                         )    <u>ORDER TO SHOW CAUSE</u>
   v.                                 )    <u>AND CONTINUING STATUS</u>
                                         )    <u>(PRETRIAL SCHEDULING)</u>
SAFEWAY STORES, INC.,         )    <u>CONFERENCE</u>
                                           )
                 Defendant. )
_____)

           The March 13, 2006, Order Setting Status (Pretrial Scheduling) Conference ("March 13 Order") scheduled a status conference in this case for June 19, 2006, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference. The March 13 Order further required that a status report be filed regardless of whether a joint report could be procured.[1] Accordingly, on June 5, 2006, Defendant filed a status

---

[1]      As the Order states:

         The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other

(continued...)

1

report and declaration, in which defense counsel attests he attempted to contact counsel for Plaintiff approximately three times to discuss preparing the joint status report, but received no response.  On June 6, 2006, Plaintiff filed a "Case Management Statement" in which he requests the June 19 status conference "be reset after the Court rules on Plaintiff's Motion to Remand . . . ."  Plaintiff's Case Management Statement is devoid of any explanation for his failure to file a timely status report as required by the March 13 Order.

Plaintiff is Ordered to Show Cause (OSC) no later than 4:00 p.m. on June 22, 2006, why sanctions should not be imposed against counsel and/or Plaintiff for the failure to file a timely status report under Rule 16(f) of the Federal Rules of Civil Procedure.  The written response shall also state whether Plaintiff or counsel is at fault and whether a hearing is requested on the OSC.[2]  If a hearing is requested, it will be held on September 25, 2006, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.

In accordance with the requirements set forth in the

---

[1](...continued)
parties from their obligation to timely file a status report in accordance with this Order.  In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

March 13 Order at 2 n. 1.

[2] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

March 13 Order, the parties shall file a joint status report no later than September 11, 2006.

IT IS SO ORDERED.

Dated:  June 7, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

3