IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH BLUFORD, on his behalf and on behalf of all those similarly situated, | ) ) ) | |
| | ) | 02:06-cv-0523-GEB-PAN(JFM) |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER[*] |
| SAFEWAY STORES, INC., | ) ) | |
| Defendant. | ) ) ) | |

Plaintiff moves to remand this action to state court, and requests an award of attorney fees if the remand motion is granted. Defendant opposes the motion, arguing that federal jurisdiction exists since Plaintiff's state law claims are preempted by federal law.

BACKGROUND

Plaintiff is employed by Defendant as a truck driver based out of Defendant's distribution center in Tracy, California.  (Def.'s Notice Removal, Ex. A ("Compl.") ¶¶ 1, 6, 11.)  Plaintiff's employment with Defendant is governed by a collective bargaining agreement entitled "Agreement Between Safeway Inc. and Local 439 International

---

[*]   This motion was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

Brotherhood of Teamsters, Chauffers, Warehousemen, and Helpers of America" (the "CBA").  (Ramnitz Decl. ¶¶ 3-5, May 8, 2006.)  The CBA provides that Plaintiff is compensated according to the Activity Based Compensation system (the "ABC system") outlined in the CBA.

On February 2, 2006, Plaintiff filed his Complaint in San Joaquin County Superior Court alleging three claims against Defendant. Plaintiff's second cause of action alleges Defendant "failed to provide or permit Plaintiff . . . meal periods and rest periods as required by [California] Labor Code §§ 226.7 and 512 and [Industrial Welfare Commission] Wage Order 9." (Compl. ¶ 64.)  Plaintiff's third cause of action alleges the "wage statements provided to Plaintiff [are] inadequate [under California Labor Code § 226(a) since they] fail[] to provide an accurate representation of all applicable piece rates . . . Plaintiff earned."  (Compl. ¶ 87.)  Plaintiff's first cause of action alleges Defendant "engaged in unlawful and unfair business practices [in violation of California Business and Professions Code § 17200 et seq.] including, but not limited to," the acts described in the second and third causes of action.  (Compl. ¶ 49.)

Defendant removed this action on March 10, 2006, asserting federal jurisdiction exists since Plaintiff's claims are preempted by federal law.  Defendant argued Plaintiff's second and third causes of action are preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), since "they require the interpretation and application of terms of a collective bargaining agreement."  (Def.'s Notice of Removal at 1.)  Defendant also argued the Motor Carrier Act of 1935, 49 U.S.C. § 3501 et seq., and the Motor Carrier Safety Act of 1984, 49 U.S.C. § 31136 et seq., (jointly

referred to as the "MCA") preempt Plaintiff's second cause of action since the claim "invade[s] [a] federally occupied field" and "directly conflict[s] with federal regulation[s] . . . ." (Def.'s Notice of Removal at 1.)

<u>DISCUSSION</u>

A defendant is entitled to remove to federal court any civil action over which the federal court has original jurisdiction.  28 U.S.C. § 1441.  The removal statute is strictly construed against removal jurisdiction.  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir.1992).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  <u>Id.</u> (quoting <u>St. Paul Mercury Indem. Co. v. Red Cab, Co.</u>, 303 U.S. 283, 288-90 (1938)).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Where there is no diversity of citizenship, as here, an action may be removed under section 1441 only where the complaint presents a federal question.  <u>See</u> <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  <u>Id.</u>

> "This rule makes a plaintiff the master of his complaint: it allows him to avoid federal jurisdiction by relying exclusively on state law. . . . There does exist, however, a corollary to the well-pleaded complaint rule, known as the 'complete preemption' doctrine.  The Supreme Court has concluded that the preemptive force of some statutes is so strong that they 'completely preempt' an area of state law. In such instances, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law."

1   Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106-07

2   (9th Cir. 2000) (citations omitted).

3   I.   Preemption under Section 301 of the LMRA

4           The complete preemption doctrine applies primarily under

5   section 301 of the LMRA.  Id. at 1107.  Section 301 provides:

6       Suits for violation of contracts between an employer and a
        labor organization representing employees in an industry
7       affecting commerce as defined in this chapter, or between
        any such labor organizations, may be brought in any district
8       court of the United States having jurisdiction of the
        parties, without respect to the amount in controversy or
9       without regard to the citizenship of the parties.

10  The Supreme Court has held that section 301 preempts state law claims

11  whose resolution is "substantially dependent upon analysis of the

12  terms of [a collective-bargaining agreement]." Allis-Chalmers Corp.

13  v. Lueck, 471 U.S. 202, 220 (1985).  However, "not every dispute

14  concerning employment, or tangentially involving a provision of a

15  collective-bargaining agreement, is pre-empted by § 301 . . . ." Id.

16  at 211.

17          "[T]he Supreme Court has repeatedly admonished that

18  [section] 301 preemption is not designed to trump substantive and

19  mandatory state law regulation of the employee-employer relationship;

20  [section] 301 has not become a 'mighty oak' that might supply cover to

21  employers from all substantive aspects of state law." Humble v.

22  Boeing, 305 F.3d 1004, 1007 (9th Cir. 2002) (citing Lingle v. Norge

23  Div. of Magic Chef, Inc., 486 U.S. 399, 408-09 (1988); Livadas v.

24  Bradshaw, 512 U.S. 107, 122 (1994)).  Thus, "not every claim which

25  requires a court to refer to the language of a [collective bargaining]

26  agreement is necessarily preempted." Associated Builders &

27  Contractors, Inc. v. Local 302 Int'l Bhd. of Elec. Workers, 109 F.3d

28  1353, 1357 (9th Cir. 1997) (as amended).  In addition, "when the

meaning of contract terms is not the subject of dispute, the bare fact
that a collective-bargaining agreement will be consulted in the course
of state-law litigation plainly does not require the claim to be
extinguished."  Livadas, 512 U.S. at 124 (citing Lingle, 486 U.S. at
413, n.12).  Thus, in order for complete preemption to apply, "the
need to interpret the [collective bargaining agreement] must inhere in
the nature of the plaintiff's claim.  If the claim is plainly based on
state law, [section] 301 pre-emption is not mandated simply because
the defendant refers to the [collective bargaining agreement] in
mounting a defense."  Cramer v. Consol. Freightways, 255 F.3d 683, 691
(9th Cir. 2001) (en banc) (as amended).

        A.   Meal and Break Periods Claim

              To support its position that Plaintiff's claim for failure
to provide meal and rest periods as required under California law is
completely preempted, Defendant argues the claim requires interpreting
the CBA.  Specifically, Defendant contends the claim cannot be
adjudicated without determining whether the ABC system "built-in" time
for meal and rest breaks, and since that determination would require
interpreting a CBA provision the claim is preempted.  Defendant's
argument is that "it complies with [the meal and break period]
requirements" through the ABC system.  (Def.'s Opp'n Pl.'s Me. P & A
Supp. Mot. Remand ("Opp'n") at 21.)

              Defendant's "argument is unavailing after Cramer, which held
that reliance on CBA provisions to defend against an independent state
law claim does not trigger [section] 301 preemption."  Humble, 305
F.3d at 1011.  "A state law claim is not preempted under [section] 301
unless it necessarily requires the court to interpret an existing
provision of a CBA that can reasonably be said to be relevant to the

resolution of the dispute." <u>Cramer</u>, 255 F.3d at 693.  Defendant's
alleged "hypothetical connection between the claim[,] the terms of the
CBA[, and a potential defense] is not enough to preempt [Plaintiff's]
claim . . . ."  <u>Id.</u> at 691.  Since Defendant has not shown "the need
to interpret the [CBA] inheres in the nature of" Plaintiff's claim for
failure to provide meal and rest periods as required under California
law, it is not preempted by section 301.  <u>Id.</u>

     B.   <u>Inadequate Wage Statement Claim</u>

     To support its position that Plaintiff's claim for
inadequate wage statements is completely preempted, Defendant argues
the claim requires interpreting the CBA.  Specifically, Defendant
contends the claim cannot be adjudicated without determining whether
Plaintiff was paid under a piece-rate or a hybrid system of
compensation, and, if Plaintiff was compensated on a piece-rate, the
applicable rate.  These determinations, Defendant asserts, require
interpreting the CBA and the ABC system.

     "This case does not present a disputed disagreement over
interpretation of the collective bargaining agreement.  The parties do
not dispute how [Defendant] calculates [Plaintiff's compensation]."
<u>Lujan v. S. Cal. Gas Co.</u>, 96 Cal. App. 4th 1200, 1210 (2002).  Rather,
Defendant has raised a "dispute" as to whether Plaintiff is
compensated by a straight piece-rate system or a hybrid system.
"Thus, the issue is not how to resolve a dispute over the
interpretation of the [ABC system], but a legal question of whether
the [ABC system constitutes a 'hybrid' or piece[-]rate system, and if
the wage statements reflecting compensation under that system]
compl[y] with state law."  <u>Id.</u>  Moreover, a court need not interpret
the ABC system to determine that at least some part of Plaintiff's

6

1  compensation is based on a piece rate.  (<u>See</u> Def.'s Notice Removal,

2  Ex. B at 58 (establishing rate of pay for specified activities

3  performed by drivers).)  Accordingly, determining whether the wage

4  statements received by Plaintiff comply with California law can be

5  accomplished by simply reviewing Plaintiff's wage statements.  Since

6  Defendant has not shown "the need to interpret the [CBA] inheres in

7  the nature of" Plaintiff's claim for inadequate wage statements, it is

8  not preempted by section 301.  <u>Cramer</u>, 255 F.3d at 691.

9  II.  <u>Preemption under the MCA</u>

10         Defendant contends the MCA provides a basis for removal

11 distinct from complete preemption under section 301 of the LMRA.

12 Defendant argues Plaintiff's claim for failure to provide meal and

13 rest periods as required under California law conflicts with the MCA,

14 because California Labor Code sections 226.7 and 512 "have the effect

15 of establishing a firm maximum on [consecutive] hours worked different

16 from the maximum set by federal law . . . ."  (Opp'n at 24 (quotation

17 marks omitted).)

18         Defendant asserts this "conflict" raises a federal

19 question—whether Plaintiff's claim is preempted by the MCA—justifying

20 removal.  However, "[u]nder the 'well-pleaded complaint' rule, the

21 federal question, which invokes federal jurisdiction, must appear from

22 the complaint and not from any federal defense[, including

23 preemption,] the defendant might raise to defeat the claim."  <u>Bright</u>

24 <u>v. Bechtel Petroleum, Inc.</u>, 780 F.2d 766, 769 (9th Cir. 1986) (citing

25 <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 10

26 (1983)).  Therefore, the "conflict" identified by Defendant and the

27 possibility that Plaintiff's claim is preempted by the MCA does not

28 provide a basis for federal jurisdiction.

1    In conclusion, in light of the "strong presumption" against

2  removal jurisdiction, Defendant has not established that Plaintiff's

3  state law claims present a federal question.   Therefore, federal

4  jurisdiction "must be rejected . . . [because] there is . . . doubt as

5  to the right of removal in the first instance."   <u>Duncan v. Stuetzle</u>,

6  76 F.3d 1480, 1485 (9th Cir. 1996).

7  III.   <u>Request for Attorney Fees</u>

8    Plaintiff requests attorney fees incurred as a result of

9  improper removal from state court.   "An order remanding [a] case may

10  require payment of just costs and any actual expenses, including

11  attorney fees, incurred as the result of removal."   28 U.S.C. 1447(c).

12  "Such fee awards are within the sound discretion of the court."

13  <u>Rawson v. Tosco Refining Co.</u>, 1996 WL 33991, *4 (N.D. Cal., Jan. 24,

14  1996).   The exercise of this discretion "should turn on the

15  reasonableness of the removal.   Absent unusual circumstances, courts

16  may award attorney's fees under § 1447(c) only where the removing

17  party lacked an objectively reasonable basis for seeking removal.

18  Conversely, when an objectively reasonable basis exists, fees should

19  be denied."   <u>Martin v. Franklin Capital Corp</u>., 126 S. Ct. 704, 711

20  (2005).   Defendant had an objectively reasonable basis for removal.

21  Therefore, Plaintiff's request for attorney fees is denied.

22                              <u>CONCLUSION</u>

23    For the stated reasons, Plaintiff's motion to remand this

24  action to San Joaquin Superior Court is granted, but his request for

25  /////

26  /////

27  /////

28  /////

attorney fees is denied.  The Clerk of the Court is directed to remand this action to San Joaquin Superior Court.

IT IS SO ORDERED.

Dated:  July 27, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge